IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHARON CORLEY,

     Plaintiff,                  No. CIV S-05-0303 KJM

     vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

     Defendant.              <u>ORDER</u>

          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////
/////
/////
/////

1

I. Factual and Procedural Background

In a decision dated October 21, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe sciatica and minimal degenerative disease of the lumbar spine but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff can perform light work; plaintiff has no past relevant work; and using Rule 202.13 of the Medical-Vocational

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

Guidelines,[2] plaintiff is not disabled.  Administrative Transcript ("AT") 17-18.  Plaintiff contends the ALJ improperly discredited her subjective complaints and improperly relied on the grids.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

/////

---

[2] The Medical-Vocational Guidelines ("the grids") are in table form.  The tables present various combinations of factors the ALJ must consider in determining whether other work is available.  See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education, and work experience.  For each combination, the grids direct a finding of either "disabled" or "not disabled."

improper legal standard was applied in weighing the evidence, see <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. <u>Analysis</u>

    A. Administrative Res Judicata

When a previous application for disability benefits has been denied by an ALJ, unless a claimant can show changed circumstances, the prior determination "creates a presumption that the claimant continued to be able to work after that date." <u>Lester v. Chater</u>, 81 F.3d 821, 827 (9th Cir. 1996) (quoting <u>Miller v. Heckler</u>, 770 F.2d 845, 848 (9th Cir. 1985) (internal brackets omitted)); <u>Chavez v. Bowen</u>, 844 F.2d 691, 692-93 (9th Cir. 1988) (citing cases). Attainment of a different age category under the Medical-Vocational Guidelines constitutes a changed circumstance, which precludes the application of res judicata to the prior administrative law judge's ultimate finding of nondisability. <u>Chavez</u>, 844 F.2d at 693. Other administrative findings in the prior decision, however, "are entitled to some res judicata consideration in subsequent proceedings." <u>Id.</u> at 694.

Plaintiff previously filed an application for disability benefits, which was denied in a decision dated November 5, 2002. AT 31-37. In the decision at issue here, the ALJ properly found plaintiff was in a new age category and thus the ultimate determination of nondisability from the 2002 decision was no longer entitled to res judicata consideration. AT 14. The ALJ then properly assessed the evidence presented in the application at issue to determine whether it would support a change in any of the findings from the prior decision. AT 14-16 (objective findings the same as in prior decision, residual functional capacity the same, activities of daily living and subjective complaints the same). The ALJ's determination that plaintiff had not shown changed circumstances with respect to her residual functional capacity is supported by substantial evidence. AT 201-211 (neurological examiner), 172-179, 182-189 (state agency physicians).

/////

B.  Credibility

Plaintiff contends the ALJ improperly discredited her subjective complaints of pain.  In the prior 2002 decision, the ALJ found plaintiff not totally credible.  Plaintiff alleged similar pain complaints in the application at issue here and the prior finding with respect to credibility is entitled to some res judicata effect.  See Chavez, 844 F.2d at 694; see also AT 34, 220-222.  In the 2004 decision, the ALJ properly noted there was no significant change in plaintiff's subjective complaints or activities of daily living from the prior decision, but also provided additional reasons for discrediting plaintiff.  AT 15-17.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure

5

to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

In this case, the ALJ discussed the minimal objective findings. AT 131 (MRI showed minimal degenerative changes), 144 (very minor osteoarthritic changes in lumbar spine), 116 (physician concluded plaintiff's problems were musculoskeletal in nature, not radicular, and recommended physical therapy to straighten posture). The ALJ also considered the lack of treatment such as extended physical therapy or other interventions such as epidural steroid injections or emergency treatment for pain. AT 199 (plaintiff declined physical therapy). The ALJ also relied on plaintiff's own testimony that motrin and flexeril help to control the pain. AT 16, 220-221. The ALJ further considered that plaintiff's activities of daily living, while limited, were not inconsistent with the ability to perform light work, as found by the prior ALJ. AT 16-17, 34, 219 (limited dishes, laundry and housework, some cooking, grocery shopping). The factors considered by the ALJ all were valid and supported by the record. The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

C. Grids

Plaintiff contends the ALJ improperly utilized the Medical-Vocational Guidelines in finding plaintiff was not disabled. There are limits on using the grids, an administrative tool to resolve individual claims that fall into standardized patterns: "[T]he ALJ may apply [the grids] in lieu of taking the testimony of a vocational expert only when the grids accurately and

completely describe the claimant's abilities and limitations." Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5, 103 S. Ct. 1952, 1955 n.5 (1983). The ALJ may rely on the grids, however, even when a claimant has combined exertional and nonexertional limitations, if nonexertional limitations are not so significant as to impact the claimant's exertional capabilities.[3] Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see also Odle v. Heckler, 707 F.2d 439 (9th Cir. 1983) (requiring significant limitation on exertional capabilities in order to depart from the grids).

        The ALJ in the 2004 decision adopted the general finding from the 2002 decision that plaintiff could perform the full range of light work,[4] noting the objective findings were essentially the same as in the prior decision. AT 16, 34. Plaintiff asserts that the need to use a cane and the additional functional limitations assessed by the neurological consultative examiner preclude the full range of light work. With respect to plaintiff's use of a cane, the prior ALJ

---

[3] Exertional capabilities are the "primary strength activities" of sitting, standing, walking, lifting, carrying, pushing, or pulling. 20 C.F.R. § 416.969a (b) (2003); SSR 83-10, Glossary; compare Cooper v. Sullivan, 880 F.2d 1152, 1155 n. 6 (9th Cir.1989).

Non-exertional activities include mental, sensory, postural, manipulative and environmental matters that do not directly affect the primary strength activities. 20 C.F.R. § 416.969a (c) (2003); SSR 83-10, Glossary; Cooper, 880 F.2d at 1155 & n. 7 (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)). "If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have nonexertional (not strength-related) limitations that are not covered by the grids." Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993) (citing 20 C.F.R., pt. 404, subpt. P, app. 2 § 200.00(d), (e)).

[4] 20 C.F.R. § 404.1567(b) provides:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

1 found the cane was not medically indicated, citing the opinion of the examining orthopedist, Dr.
2 McIntire.  AT 34.  In concluding the prior ALJ's residual functional capacity finding was entitled
3 to some res judicata consideration, the ALJ in the 2004 decision noted the consultative
4 examining neurologist, Dr. Jordan, in 2004 observed plaintiff could walk without an assistive
5 device.  AT 13, 15, 206.  The ALJ also properly rejected the standing limitation assessed by Dr.
6 Jordan as unsupported by the relatively normal clinical findings made by the doctor upon
7 examination and because no worsening condition was evident in the record since the 2002
8 decision; the ALJ also noted that the state agency doctors found no limitations in standing,
9 walking, or sitting.  AT 13 (some muscle tenderness but no spasm, straight leg raising positive on
10 the right in supine position but negative sitting, flexion limited, slow getting on and off
11 examining table but appeared comfortable sitting, full range of motion in all joints, muscle bulk
12 and tone normal, normal strength in extremities, sensation decreased but in no clear dermatomal
13 pattern, reflexes normal), 16, 173, 183, 201-206.  Given the properly discredited claims of
14 nonexertional limitations, the ALJ did not err in relying on the grids in finding plaintiff was not
15 disabled.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross-motion for summary judgment is granted.

DATED: September 21, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
corley.ss